SCHOONOVER, Judge.
Appellant, Monty W. Gianfrancisco, appeals the judgments and sentences entered after he was found guilty of second degree murder and grand theft. We find that the trial court erred in assessing certain costs against appellant, but we affirm the judgments and sentences in all other respects.
Appellant was originally charged with committing first degree murder and rob *1332 bery. A jury trial resulted in verdicts finding him guilty of second degree murder and grand theft. The court, pursuant to the guidelines, sentenced appellant to serve concurrent sentences of seventeen years imprisonment for second degree murder and five years imprisonment for grand theft. The court also assessed costs against appellant which included $200 assessed pursuant to section 27.3455, Florida Statutes (1985). Appellant filed a timely notice of appeal.
Appellant does not contest his convictions or the sentences imposed, but he does contend that the court erred in assessing costs against him pursuant to section 27.-3455. We agree. Appellant’s crimes were committed during the month of February, 1985. Section 27.3455 did not become effective until July 1, 1985, and at the time appellant was sentenced in December, 1985, the statute required the imposition of penalties for nonpayment of the costs.[1] The imposition of these costs, therefore, violated the ex post facto provisions of the Constitutions of the United States and Florida. See U.S. Const., art. I, § 9, cl. 3, and § 10, cl. 1; Fla. Const., art. I, § 10; State v. Yost, 507 So.2d 1099 (Fla.1987).
We, therefore, strike from the judgments and sentences the costs imposed pursuant to section 27.3455. We affirm the trial court in all other respects.
Affirmed as modified.
SCHEB, A.C.J., and THREADGILL, J., concur.

. Section 27.3455 has since been amended by chapter 86-154, section 1, Laws of Florida, to delete the penalty provisions for failure to pay the costs.